UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| JACOBS ENGINEERING GROUP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 1:18-cv-1302-CMH/TCB |
| v. | ) ) | |
| CAPEFIRST FUNDING, LLC, *et al.*, | ) ) ) | **ANSWER TO COUNTERCLAIM OF CAPEFIRST FUNDING, LLC, AND INVESTOR** |
| Defendants. | ) ) ) ) ) | **RECOVERY TRUST, CAPEFIRST ADVISORS, LLC, TRUSTEE** |
| JACOBS ENGINEERING GROUP, INC., *et al.*, | ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CAPEFIRST FUNDING, LLC, *et al.*, | ) ) ) | |
| Counter-Defendants. | ) ) | |

Interpleader Plaintiffs/Counter-Defendants Jacobs Engineering Group Inc. ("Jacobs") and Blue Canopy Group LLC ("Blue Canopy"), by and through their attorneys, and for their Answer to the Counterclaim of Defendants/Counter-Plaintiffs Capefirst Funding, LLC, and Investor Recovery Trust, Capefirst Advisors, LLC, Trustee, states the following on information and belief:

1. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of Defendants/Counter-Plaintiffs' alleged reasons for bringing their Counterclaim. Plaintiffs/Counter-Defendants specifically deny the remaining allegations in this paragraph.

2. Admit that Defendant/Counter-Plaintiff IRT is an irrevocable grantor trust established by Capefirst Funding, LLC, under the laws of Virginia, with its principal place of business in Reston, Virginia. Admit that Defendant/Counter-Plaintiff Capefirst Advisors, LLC, is a limited liability company formed under the laws of Virginia. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

3. Admit that Defendant/Counter-Plaintiff Capefirst Funding, LLC ("Capefirst") is a limited liability company formed under the laws of Virginia, with its principal place of business in Reston, Virginia. Admit that Capefirst purports to provide, among other things, commercial and business financing services, including financing secured by contracts awarded to, and invoices issued by, federal contractors. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4. Admit the first sentence of this paragraph. Admit that at the time of the matters described in the Counterclaim, Blue Canopy Group, LLC ("Blue Canopy") was a provider of mission support and other services to the U.S. Government's defense and intelligence agencies, among other things.

5. Admit that Plaintiff/Counter-Defendant Jacobs purchased Blue Canopy in a transaction announced publicly on August 31, 2017. Admit that escrows were established as a part of the purchase agreement. Deny the remaining allegations in this paragraph.

6. Admit that Courtney and Keith were assigned Blue Canopy email addresses and that they had access to certain Blue Canopy personnel and facilities. Plaintiffs/Counter-

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

7. Admit that Courtney and Keith were in contact with a government official named Eileen K. Preisser regarding a certain government program that was widely understood to be a bona fide, classified government program in support of the United States intelligence community. Further admit that Blue Canopy performed work on that program (the "FirstNet Program"). Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8. Admit that Blue Canopy accepted a $1,933,500 sum it received as payment for work Blue Canopy performed on the FirstNet Program pursuant to a classified June 12, 2014 written agreement. Aver further that Plaintiffs/Counter-Defendants have since deposited the $1,933,500 fund into the registry of this Court pursuant to Local Civil Rule 67, where it currently resides. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

9. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Admit that Eric Husebo was a Blue Canopy unitholder prior to Jacobs' purchase of Blue Canopy and that he worked on the FirstNet Program. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

15. Admit that in U.S. Government parlance, a Sensitive Compartmented Information Facility ("SCIF") is a secure place where sensitive information can be viewed or discussed. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16. Deny.

17. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. Admit that, according to its website, Riverside Research is "a not-for-profit organization chartered to advance research for the benefit of the United States government and in the public interest," with an office in Arlington, Virginia. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

20. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Admit that the Notification was purportedly signed by Glenn Nelson, Contracting Officer, Joint Programs, DOD. Admit that a copy of the Notification is attached to the Counterclaim as Exhibit 1. Deny the remaining allegations in this paragraph.

23. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Deny.

25. Deny.

26. Deny.

27. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Admit that the Counterclaim attaches as Exhibit 2 a document entitled "Wire Request Authorization and Agreement," the content of which speaks for itself. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Admit that on November 16, 2015, Blue Canopy received a payment of $1,933,500 from Tucker & Associates PLLC ("the Tucker Firm"). Admit that a copy of a bank record confirming the transaction is attached to the Counterclaim as Exhibit 3.

33. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. Admit that Blue Canopy accepted the $1,933,000 payment and that it was placed in an account at Wells Fargo Bank until it was transferred to the Blue Canopy operating account for ordinary use in approximately April 2016. Admit that separate tax-related distributions were made to Blue Canopy's A and B unit holders in April 2016. Aver further that Plaintiff/Counter-Defendant Jacobs, through a subsidiary, purchased Blue Canopy in August 2017 and has thus held the $1,933,500 indirectly since that time, but that Plaintiffs/Counter-Defendants have deposited the $1,933,500 fund into the registry of this Court pursuant to Local Civil Rule 67, where it currently resides. Deny the remaining allegations in this paragraph.

35. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs/Counter-Defendants deny that Courtney and Keith acted as agents for Blue Canopy with respect to matters set forth in the Counterclaim.

37. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs/Counter-Defendants admit that Capefirst made a written demand for payment from Blue Canopy and requested that payment be escrowed. Plaintiffs/Counter-Defendants deny the remaining allegations in this paragraph.

38. Deny.

39. Deny.

40. Deny.

## COUNT I

41. Plaintiffs/Counter-Defendants repeat their responses to Paragraphs 1-40 as though fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

45. Plaintiffs/Counter-Defendants admit that Capefirst demanded payment from Blue Canopy and that Blue Canopy has not provided that payment. Plaintiffs/Counter-Defendants deny the remaining allegations in this paragraph.

46. Deny.

## COUNT II

47. Plaintiffs/Counter-Defendants repeat their responses to Paragraphs 1-46 as though fully set forth herein.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

\* \* \*

The remainder of the Counterclaim contains Defendants'/Counter-Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed necessary,

Plaintiffs/Counter-Defendants deny the allegations and further aver that Defendants/Counter-Plaintiffs are not entitled to any relief in this action.

Plaintiffs/Counter-Defendants deny each and every allegation of the Counterclaim not specifically admitted herein.

### PLAINTIFFS'/COUNTER-DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs/Counter-Defendants assert the following affirmative and other defenses without prejudice to their right to plead additional defenses at a later date.

### FIRST AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' conversion claim is not assignable as a matter of law, and certain likely claims by Westfields against the $1,933,500 fund have not been assigned.

### FIFTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### NINTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of lack of apparent authority.

### TENTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred because of lack of privity between the parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred because of failure to join necessary parties.

### TWELVTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred because they lack standing to assert their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants'/Counter-Plaintiffs' claims are barred because of failure to join necessary parties because they are not the real party in interest.

Dated: April 10, 2019

Respectfully submitted,

*/s/ Thomas Shakow*_____
Thomas E. Shakow (Va. Bar. No. 70291)
Paul Rauser (admitted *pro hac vice*)
Kimberly Wehle (admitted *pro hac vice*)
Serine Consolino (admitted *pro hac vice*)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, NW
Suite 740
Washington, D.C. 20004
(202) 737-3375
tshakow@aegislawgroup.com

*Counsel for Interpleader Plaintiffs-Claimants/Counter-Defendants*